[No. 6344–1.   Division One.   May 21, 1979.]

*In the Matter of the Estate of*
EDWARD H. DAVIS.

*Angevine & Johnson* and *Elliott W. Johnson,* for appellant.

*Twede & Rode, Inc.,* and *Alfred G. Rode,* for respondent.

WILLIAMS, J.—This is an action to determine the owner-ship of funds held in certain bank accounts in the names of Edward H. Davis, deceased, and Frederick Smith. After a trial to the court, judgment was entered awarding to Davis' estate $26,990.80 held in four accounts in savings and loan associations. Smith appeals the award of the savings and loan account funds to the estate. We affirm.

Davis died intestate on September 20, 1977, survived by four adult children. A fifth child, Lucille Smith, wife of Frederick, predeceased Davis by 3 days. Davis, an invalid, had lived with the Smiths from 1965 to 1977. During that period, Davis and Frederick Smith opened several bank accounts in their names; the signature cards show that each was opened as a joint account with right of survivorship. All funds deposited in these accounts were Davis', although, on occasion, Smith made deposits and withdrawals for him.

■■ Smith argues that the trial court erred when it applied a rebuttable presumption in determining Davis' intent with regard to the savings and loan accounts. We disagree. Except where otherwise provided by statute, the making of a deposit in a joint bank account gives rise to a rebuttable presumption of an intent to vest ownership of the funds in the survivor. *Kaufman v. Kaufman,* 60 Wn.2d 1, 371 P.2d 535 (1962). The statute governing joint accounts in savings and loan associations, RCW 33.20.030, so pro-vides, though, it may be noted, the statutes controlling joint bank accounts in banks and trust companies, RCW 30.20-.015, and in mutual savings banks, RCW 32.12.030(3), pro-vide otherwise. In awarding the savings and loan account funds to the estate, the trial court found upon substantial evidence that the presumption of intent was rebutted, and that Davis intended those funds to go to his children upon his death, rather than to Smith.

■■ Smith next argues that the testimony of two of Davis' children to the effect that Davis had stated that intention is barred by the deadman's statute, RCW 5.60-.030. That statute excludes testimony when offered *against* the decedent's estate. *Fies v. Storey,* 21 Wn. App. 413, 585

P.2d 190 (1978). The challenged testimony was offered in favor of the estate and was, therefore, admissible, notwithstanding the fact that the witnesses were interested in the distribution of the estate. *See* 5 R. Meisenholder, Wash. Prac. § 167, at 171 (1965). A presumption may be overcome by competent rebutting testimony from either interested or disinterested witnesses. *In re Estate of Shaner,* 41 Wn.2d 236, 248 P.2d 560 (1952). Furthermore, evidence of similar statements of intention made by Smith, the good relationships Davis had with all of his children, the money received by the Smiths from the Department of Labor and Industries for Davis' home nursing care, and Davis' need for occasional assistance in making his banking transactions, all support the trial court's finding that Davis intended the major share of the funds to be given to all of his children. *Brown v. Charlton,* 90 Wn.2d 362, 583 P.2d 1188 (1978).

Affirmed.

FARRIS and DORE, JJ., concur.

Reconsideration denied June 21, 1979.

Review denied by Supreme Court September 21, 1979.